UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

FILED
FEB 0 8 2017

| | | |
|---|---|---|
| JULIE MCKENZIE, | : | 4:17-cv-4611 |
| Plaintiff, | : | |
| vs. | : | COMPLAINT AND DEMAND FOR JURY TRIAL |
| FARMERS INSURANCE EXCHANGE, | : | |
| Defendant. | : | |

Plaintiff Julie McKenzie, for her Complaint against Farmers Insurance Exchange, states and alleges as follows:

**Parties**

1. Plaintiff Julie McKenzie ("McKenzie") is, and at all relative times was, a resident of Sioux Falls, Lincoln County, South Dakota.

2. Defendant Farmers Insurance Exchange ("Farmers"), is a company organized outside the State of South Dakota, with its principal place of business outside the State of South Dakota.

**Jurisdiction and Venue**

3. This Court has jurisdiction under 28 § U.S.C. 1332, diversity of citizenship.

4. The damages at issue exceed $75,000.

**Statement of the Facts**

5. McKenzie purchased a policy of homeowner's insurance from Farmers, which was in effect before and after June 2014.

4:17-cv-_____
Complaint and Demand for Jury Trial

6. In June 2014, McKenzie's home was damaged during hailstorms that went through the Sioux Falls region.

7. The hailstorms caused visible and extensive damage to McKenzie's home.

8. Hail damage is a covered cause of loss under the insurance policy sold by Farmers to McKenzie.

9. McKenzie timely submitted a claim to Farmers for the hail damage to her home.

10. David Hurt was at all relevant times an authorized agent for Farmers.

11. In a November 3, 2014 report by David Hurt, it was claimed that McKenzie's home was inspected on November 3, 2014.

12. Farmers' November 3, 2014 report identified $47,274.37 as the appropriate amount needed to fix McKenzie's home.

13. Farmers reduced the total amount that it would pay by $20,500 for McKenzie's deductible.

14. Farmers also claimed that $22,091.41 needed to be withheld from McKenzie for "depreciation."

15. Approximately two months later, in a letter dated January 5, 2015, Farmers notified McKenzie that it was going to "temporarily close your claim until we can complete a safe and practical inspection. When weather conditions allow for an inspection, and your property is clear and dry, we'll promptly reopen your claim, inspect the damaged property and complete your claim."

16. Farmers' January 5, 2015 letter went on to specifically prohibit McKenzie from

2

4:17-cv-_____
Complaint and Demand for Jury Trial

making the necessary repairs until it conducted another inspection at a time to be determined by Farmers.

17. Specifically, Farmers stated in the January 5, 2015 letter that, "We'll need to inspect your home before final repairs are initiated."

18. Farmers never reopened McKenzie's claim.

19. Farmers never returned for another inspection.

20. On May 2, 2016, Farmers was asked about the "status of this case with regard to depreciation[.]"

21. Farmers stated in a May 16, 2016 letter that it would not release the withheld depreciation because the repair work had not been "completed within 365 days of" November 3, 2014.

22. McKenzie was not able to make the repairs within 365 days of November 3, 2014, for the reasons stated in Farmers' January 5, 2015 letter.

23. Farmers' actions made it impossible for McKenzie to make the repairs within one year as it unilaterally closed her claim on January 5, 2015, and instructed her not to begin repairs until it completed another investigation.

24. Farmers' January 5, 2015 letter was intended and designed to induce McKenzie to miss the 365-day deadline for completing repairs, thereby wrongfully depriving her of the withheld depreciation (as a benefit owed under the policy).

25. Farmers knew or recklessly disregarded that McKenzie would rely on the representations in the January 5, 2015 letter to her detriment.

3

26. McKenzie did, in fact, rely on Farmers' January 5, 2015 letter, to her detriment.

27. The January 5, 2015 letter is a form letter.

28. Other letters like the January 5, 2015 letter were sent by Farmers to numerous other South Dakota insureds.

29. The other letters, like the January 5, 2015 letter to McKenzie were similarly intended and designed to induce South Dakota insureds to miss the 365-day deadline for completing repairs.

30. Even when Farmers was reminded of the January 5, 2015 letter to McKenzie and the reasons for why the repairs were not able to be completed within the 365-day deadline, Farmers still refused to release the depreciation after McKenzie had paid for the repairs to be completed.

31. McKenzie paid approximately $70,000.00 to complete the repairs.

32. Farmers has a systemic claims handling practice designed to have its insureds, including McKenzie, miss the 365-day deadline for completing repairs, and thereby deprive its insureds of the withheld depreciation.

33. As part of the claims handling practice set forth in this Complaint, Farmers has a systematic practice of wrongfully withholding depreciation at the onset of a claim.

34. Specifically, Farmers withholds a significant portion of benefits owed under the insurance policy by applying "depreciation" to line items that consist only of pure labor costs, including, but not limited to, the costs for removing the damaged shingles.

35. Labor does not decline in value because of use like materials do.

4:17-cv-_____
Complaint and Demand for Jury Trial

36. Labor does not decline in value because of wear like materials do.

37. Labor does not decline in value because of obsolescence like materials do.

38. Labor does not decline in value because of age like materials do.

39. Labor does not deteriorate like materials do.

40. Labor does not depreciate like materials do.

41. Farmers knew or recklessly disregarded the fact that depreciation cannot be applied to pure labor costs.

42. Farmers intentionally or recklessly withheld benefits owed under the insurance policy by improperly designating pure labor costs as being subject to depreciation.

43. Farmers has a claims handling practice that systemically withholds benefits owed under its insurance policies by improperly applying depreciation to pure labor cost items.

44. Farmers' claims handling process as described in this Complaint is designed to delay a claim past the 365-day deadline for repairs in order to wrongfully withhold depreciation owed its insureds, including McKenzie.

45. Farmers' claims handling practices described in this Complaint are designed to permanently and wrongfully deprive its insureds of benefits owed under South Dakota policies by depreciating labor costs and then refusing to release the withheld depreciation if an insured misses the 365-day deadline.

46. Farmers has a claims handling practice that systemically withholds benefits owed under its insurance policies by improperly applying depreciation to pure labor cost items so that it can continue to use the wrongfully withheld money to its benefit and to the detriment of its

insureds even if that depreciation is eventually released.

47. Farmers is responsible for the investigation, evaluation, and handling of McKenzie's claim by its agents.

48. Farmers could not eliminate its duty of good faith and fair dealing by delegating its duty to an agent.

49. In evaluating McKenzie's claim, Farmers had a duty to give just as much consideration to McKenzie's interests as it gave to its own interests.

50. In handling McKenzie's claim, Farmers had a duty to give just as much consideration to McKenzie's interests as it gave to its own interests.

51. Part of each premium Farmers charges includes a portion for the expenses required to properly handle claims.

52. The proper handling of a claim requires Farmers to look for reasons to pay, and not just reasons not to pay.

53. In refusing to release McKenzie's depreciation owed under the policy, Farmers is placing its interests ahead of McKenzie's interests even though Farmers sent the January 5, 2015 letter.

54. As a result of Farmers' claims handling process as described in this Complaint, McKenzie has been damaged as follows:

    a. McKenzie has been deprived of the benefits of the contract and of the timely handling and payment of her claim;
    b. McKenzie has had to pay significant out-of-pocket costs;
    c. McKenzie has experienced aggravation, fear, annoyance, frustration, distress, mental and emotional pain and suffering, and inconvenience due to the wrongful

4:17-cv-_____
Complaint and Demand for Jury Trial

    denial and delay of her claim; and

  d.  McKenzie was forced to retain a lawyer at her personal expense.

## Count I
### (*Breach of Contract*)

  55.  McKenzie realleges and restates paragraphs 1-54 of this Complaint and hereby incorporates them by reference as if fully set forth herein.

  56.  Farmers has breached the contract of insurance with McKenzie by failing to release the depreciation and by failing to pay the full amount of benefits owed under the policy.

  57.  Farmers has breached the contract of insurance with McKenzie by wrongfully applying depreciation to pure labor costs.

  58.  As a proximate result of Farmers' breach of the contract of insurance, McKenzie has been damaged in an amount to be determined at trial.

## Count II
### (*Bad Faith*)

  59.  McKenzie realleges and restates paragraphs 1-58 of this Complaint and hereby incorporates them by reference as if fully set forth herein.

  60.  Farmers is intentionally or recklessly utilizing a claims handling process designed to maximize its profits at its insureds' expense, including McKenzie.

  61.  Farmers is intentionally or recklessly utilizing a claims handling process designed to delay a claim past the 365-day deadline for repairs, in order to wrongfully withhold depreciation owed its insureds, including McKenzie.

  62.  Farmers is intentionally or recklessly utilizing a claims handling process designed

4:17-cv-_____
Complaint and Demand for Jury Trial

to deny the full payment of benefits owed under the terms of the policy to its insureds based on the 365-day deadline for repairs, including McKenzie.

63. Farmers is intentionally or recklessly withholding money from its insureds, including McKenzie, by wrongfully applying depreciation to pure labor costs.

## Count III
### (*Fraud/Deceit*)

64. McKenzie realleges and restates paragraphs 1-63 of this Complaint and hereby incorporates them by reference as if fully set forth herein.

65. Farmers owed McKenzie the legal duty to refrain from engaging in fraud or deceit.

66. Farmers breached that duty by making untrue statements and material omissions in its January 5, 2015 letter.

67. In the alternative, those untrue statements made by Farmers in its January 5, 2015 letter constituted statutory deceit under SDCL § 20-10-1, SDCL § 20-10-2(1)-(4), and SDCL § 20-10-3.

68. Farmers' statements and omissions were material, McKenzie relied on them, and conducted her affairs believing them to be true.

69. Farmers acted recklessly or intentionally in making those misstatements and knew that McKenzie would rely upon them.

70. McKenzie was damaged as a result.

8

4:17-cv-_____
Complaint and Demand for Jury Trial

## Count IV
### (*Punitive Damages*)

71. McKenzie realleges and restates paragraphs 1-70 of this Complaint and hereby incorporates them by reference as if fully set forth herein.

72. Farmers acted with oppression, fraud, or malice, as established in this Complaint, and punitive damages are necessary and appropriate in order to punish and deter.

## Count V
### (*Vexatious Refusal to Pay*)

73. McKenzie realleges and restates paragraphs 1-72 of this Complaint and hereby incorporates them by reference as if fully set forth herein.

74. Farmers unreasonably and vexatiously refused to pay amounts owing under the policy, requiring the Court to award reasonable attorneys' fees as authorized under SDCL § 58-12-3.

## Requested Relief

Plaintiff Julie McKenzie requests the following relief from this Court:

1. Enter judgment in McKenzie's favor.

2. Award McKenzie her damages plus prejudgment interest thereon.

3. Award McKenzie her attorneys' fees and costs as allowed by law.

4. Grant such other further relief as may be just and proper.

4:17-cv-_____
Complaint and Demand for Jury Trial

## Demand for Jury Trial

Julie McKenzie requests a trial by jury with regard to any and all questions of fact pertaining to all claims asserted in the above-entitled matter.

Dated: February 6, 2017.

\

FULLER & WILLIAMSON, LLP

_____
Eric T. Preheim
Molly K. Beck
7521 South Louise Avenue
Sioux Falls, SD 57108
(605) 333-0003
epreheim@fullerandwilliamson.com
mbeck@fullerandwilliamson.com
*Attorneys for Plaintiff*