UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

**FILED**

MAY 2 5 2017



CLERK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| JULIE McKENZIE, | * | CIV 17-4011 |
| Plaintiffs, | * | |
| vs. | * | ORDER |
| FARMERS INSURANCE EXCHANGE, | * | |
| Defendant. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Defendant Farmers Insurance Exchange filed its Motion to Set Aside Default Judgment and Motion to Dismiss. The Court notes that the heading of the case for the Motion is in the Western Division, but the case is actually pending in the Southern Division. Despite that heading, the Motion and supporting papers are considered by the Court to be properly filed.

Plaintiff may have thirty (30) days within which to respond to the Motion. The Court requests that only the Motion to Dismiss for lack of jurisdiction be addressed at this time. The reason is that if there is no jurisdiction then the Court has no reason to determine whether or not to set aside the Default Judgment.

In considering Plaintiff's Response and Defendant's Reply, the Court makes some observations along with those to be raised by counsel. To begin with, the Court is concerned with those instances in which Farmers Insurance Exchange has taken the contrary position as set forth in footnote 3 of *Staggs v. Farmers Ins. Exch.*, 2016 U.S. Dist. LEXIS 57791 (Dist. of Ore. 20116) as attached to Defendant's moving papers. In a previous insurance bad faith case in this Court, *Daniel Athey v. Farmers Insurance Exchange; Illinois Farmers Insurance Company*, CIV 96-4238, the jurisdiction issue was apparently not raised and judgment from the jury verdict was satisfied by payment of $728,637.44. See Exhibit A attached.

If as Defendant urges, an insurance exchange is a resident of any state in which it has a member policyholder, then there is no federal diversity jurisdiction in any state for its resident policyholders. That means that policyholders of the insurance exchange are assured that there is no federal court jurisdiction for any claim against their own insurer. Since Farmers Insurance Exchange apparently operates in all fifty (50) states, they would be free of federal jurisdiction nationwide to not only claims by their own policyholders, but also claims from any other persons or entities. Assuming for purposes of discussion that is true for insurance exchanges, then the same would be true for mutual insurance companies and their policyholders and any other persons or entities bringing suit against them. Is that the law applicable to this case? Accordingly,

IT IS ORDERED that Plaintiff has thirty (30) days within which to respond to Defendant's Motion to Dismiss. Defendant has ten (10) days to reply.

Dated this 24ᵗʰ day of May, 2017.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: _____
                    DEPUTY